**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **JOHN GRIDER** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 2:21-cv-0005** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **MAVERICK USA, INC. and** | § | |
| **MAVERICK TRANSPORTATION, LLC** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE:

Plaintiff, John Grider, files this Original Complaint complaining of Maverick USA, Inc. and Maverick Transportation, LLC (collectively "Maverick"), Defendants.

**I.**
**PARTIES, JURISDICTION AND VENUE**

1. This action is brought in this Court under the provisions of 28 U.S.C. §1332(a)(1), because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper in the Eastern District Court pursuant to section 28 U.S.C. 1391(b)(2) in that the collision the subject of this case occurred within the Eastern District of Texas. Defendants Maverick are corporations based out of Arkansas which maintain a presence in this district, which presence is sufficient to establish personal jurisdiction over said Defendants, and employs drivers such as James Andrew Snodgrass, who drive for Maverick within the Eastern District of Texas.

3. Parties to this suit are:

Plaintiff:      John Grider is a resident of Jefferson, Marion County, Texas.

Defendant:    Maverick USA, Inc. is an Arkansas corporation with its principal place of business in North Little Rock, Arkansas, and who may be served by serving Debbie Mitchell, 13301 Valentine Road, North Little Rock, AR 72117.

Defendant:    Maverick Transportation, LLC is an Arkansas corporation with its principal place of business in Little Rock, Arkansas, and who may be served by serving CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

## II.
## NATURE OF THE ACTION

4.      On or about May 15, 2020, James Andrew Snodgrass, driving a 2020 Freightliner Cascadia tractor and towing a Reitnouer trailer while in the course and scope of his employment with Maverick, exited Loop 281 in Longview, Texas and turned north onto Alpine Road from a stop sign.   Instead of staying in his lane of travel, Snodgrass pulled into the center of the roadway. John Grider was traveling northbound on Alpine Road and noticed the Maverick truck shoot out from the stop sign, turning north onto Alpine Road.   The Maverick truck moved to the center of the roadway with no signal lights or indicators and stopped.   Suddenly the Maverick vehicle began making a wide right turn into the parking lot of McCoy's Building Supply, directly in front of Mr. Grider, causing a violent collision which sent Mr. Grider's vehicle off of the roadway into the parking lot of McCoy's.   Mr. Snodgrass chose not to pay attention to oncoming traffic in the lane of travel, chose not to indicate his intention to make a turn, and chose to make an improper wide right turn directly in front of oncoming traffic, crashing into Mr. Grider.   At all times Plaintiff was operating his vehicle in a prudent and safe manner.

5.      At the time of the collision in question, James Andrew Snodgrass was in the course and scope of his employment with Maverick and was driving a company vehicle.   As a result of Snodgrass's negligence and his vehicle colliding with the vehicle being driven by Mr. Grider, Mr.

Grider suffered severe and debilitating injuries.

6.     Mr. Snodgrass was negligent in the manner in which he operated his company vehicle in that he chose not to pay attention to oncoming traffic in the lane of travel, chose not to indicate his intention to make a turn, and chose to make an improper wide right turn directly in front of oncoming traffic, all of which were unsafe for the conditions that existed.   Said negligence proximately caused the severe crash and traumatic injuries and damages to Mr. Grider.

7.     At all times material hereto, Snodgrass was employed by Maverick, and was acting at its direction and for its benefit, and was engaged in accomplishing a task for which he was employed by Maverick.   Maverick is legally liable for Snodgrass's negligent acts pursuant to the theories of *respondeat superior* and vicarious liability.

8.     Whenever it is alleged in this Complaint that Defendants did any act or thing, it is meant that Defendants' agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with the authorization of Defendants, or was done in the normal routine course of the agency or employment of Defendants.

### III.

9.     Plaintiff would show that Defendants committed acts which were negligent and grossly negligent and which were the proximate cause of the collision in question, and the resulting injuries to Plaintiff.   Defendants Maverick's choice not to develop, implement, train and/or enforce a safe hiring and driving program for its drivers constituted a systems failure by entrusting a vehicle to an unsafe driver which was negligence and gross negligence and a proximate cause of the collision, as well as Plaintiff's injuries

10.     Plaintiff would show that Defendants Maverick were negligent and grossly

negligent in the hiring, training and supervision of James Andrew Snodgrass and in the entrustment of the subject vehicle to James Andrew Snodgrass who was acting in the course and scope of his employment, agency, or servitude of Maverick at the time of this wreck.

## IV.

11.     James Andrew Snodgrass was operating a Maverick company vehicle in an extremely heedless and reckless manner and in total disregard of the rights of Plaintiff.   In other words, James Andrew Snodgrass and Maverick were guilty of gross negligence.   Maverick was also guilty of gross negligence in entrusting its vehicle to James Andrew Snodgrass.   Plaintiff alleges that as an expert company driver, James Andrew Snodgrass knows, and his employer Maverick knows, that a commercial driver must be qualified, properly trained, and properly supervised by his or her employer.   Plaintiff alleges that this safety rule is so axiomatic that all companies know and understand it with regard to their drivers on the streets and highways of America, and specifically in Texas, or in the exercise of ordinary care they should know and understand it.   As a widespread company, Maverick very well knew or should have known of this safety rule.

12.     However, in spite of their actual and constructive knowledge of this safety rule, Maverick acting through its agents, representatives, and vice principals, chose not to comply with and follow this safety rule.

## V.

13.     John Grider was 66 years old at the time of his injuries, the effects of which will continue for the remainder of his life.   He was in good health and enjoyed an outgoing lifestyle. Before his injuries, Mr. Grider was industrious and energetic.   As a result of the negligent and careless actions of Defendants, Mr. Grider has suffered serious injuries to his elbow, shoulder,

neck, and body generally.   Defendants' actions caused such injuries to Mr. Grider and/or aggravated previous injuries, if any, causing additional injuries to Plaintiff.

14.     Mr. Grider seeks damages which will reasonably and fairly compensate him for the following losses:

a.     Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by him as a result of the occurrence in question;

b.     Medical expenses, meaning the medical expenses which have been incurred on behalf of the medical care for Mr. Grider in the past, and which will in reasonable probability be incurred in the future;

c.     Loss of earning capacity, both past and future; and

d.     Physical impairment, both past and future.

## PRAYER

15.     Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial Plaintiff recover:

a.     All actual, economic, compensatory, and exemplary damages in an amount in excess of the minimum jurisdictional limits of the Court;

b.     Prejudgment and postjudgment interest at the legal rate, costs of court, and

c.     Such other and further relief as Plaintiff may be entitled to receive.

## JURY DEMAND

16.     Plaintiff makes a demand for a jury trial in accordance with Federal Rules of Civil Procedure 38.

Respectfully submitted,

LAW OFFICE OF KEITH MILLER
100 E. Ferguson, Suite 101
Tyler, Texas 75702
Telephone: (903) 597-4090
Facsimile:   (903)  597-3692
State Bar No. 14093750
keith@5974090.net

ERSKINE & McMAHON, L.L.P.
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-8435
Facsimile: (903)757-9429

By:      /s/ Blake C. Erskine
         Blake C. Erskine
         State Bar No. 06649000
         blakee@erskine-mcmahon.com
         Chad F. Newman
         State Bar No. 24067796
         chadn@erskine-mcmahon.com

ATTORNEYS FOR PLAINTIFF